IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAWRENCE A. FORD,**

    **Petitioner,**                        **CASE NO. 2:10-CV-052**
                                            **JUDGE GEORGE C. SMITH**
**v.**                                    **Magistrate Judge E.A. Preston Deavers**

**MICHAEL SHEETS, WARDEN,**

    **Respondent.**

**OPINION AND ORDER**

On March 14, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of his claims as procedurally defaulted and without merit. Petitioner now contends that, he inartfully drafted his habeas corpus petition, and intended to assert, rather than the claims set forth in his habeas corpus petition,[1] as

---

[1] Petitioner raised the following claims in his habeas corpus petition:

    1.    The police officer violating of my right in search + seizure. Defendant s[hould] not be charge of felony murder d[ue] to his not (sic) the result of Mr. Eric Ford killing. Also it was not the proximate result of anything Lawrence A. Ford has did. Also the Judge has no authority to give this time he gave Mr. Ford.

    2.    Sufficiency of the evidence in violation of Mr. Ford Constitutional right. Mr. Ford was or did not be at the convenient store. Was going home from southeast not east.

follows:

1. Petitioner's rights under the Fourth, Fifth, and Sixth Amendments were violated when he was subjected to illegal search and seizure, conviction with insufficient evidence and Due Process of law.

2. Petitioner's felony murder conviction was in violation of his Due Process and Equal Protection rights as guaranteed by the Fourteenth Amendment.

3. Evidence was not sufficient to sustain the conviction of Petitioner in violation of the due Process and Equal Protection Clauses.

4. Counsel was ineffective for failing to raise these issues in violation of the Sixth Amendment provision for the assistance of counsel in his defense.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim that he was subject to an illegal search and seizure as procedurally defaulted, and dismissal of his claim of insufficiency of the evidence on the merits. *See Objections*.

As discussed by the Magistrate Judge, Petitioner has waived his claim that police conducted an illegal search and seizure by failing to file a pre-trial motion to suppress evidence and the state appellate court's subsequent review of this claim for plain error only. Contrary to Petitioner's allegation here, he did not preserve this claim for federal habeas by raising it in the Ohio Supreme Court.

---

3. I was not any place near the place of the crime and was stop[ped] because I was the only one walking down a street. The police was going to tie crime and just stop me?

4. The store clerk was not at the 2nd trial and his testimony was the same as the first trial read for the record because Mr. Alaind's did not show up.

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of his claim of insufficiency of th evidence on the merits. He argues that he could not have foreseen that anyone would be present in the Express Market at 4:30 a.m. when he attempted to burglarize the store, and cannot be found guilty of the murder of his accomplice, Eric Ford, since it was the store clerk, Hussam Alaind, who shot and killed Ford and Petitioner did not have a gun. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded by Petitioner's arguments. Under Ohio law, this Court agrees that, plainly, when construing the evidence in the light most favorable to the prosecution as it must, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the evidence was constitutionally sufficient to sustain Petitioner's convictions.

Moreover, this Court will not now entertain Petitioner's claim of ineffective assistance of trial counsel or his argument that he was denied a fair trial due to improper jury instructions. The Court must, and does here, construe Petitioner's pro se pleadings liberally because he is proceeding without the assistance of counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972)(pleadings of *pro se* prisoners may be held to a less stringent standard than those drafted by lawyers). Even liberally construing Petitioner's habeas corpus petition, he plainly failed to raise either of the foregoing claims in his habeas corpus petition. As such, the Court cannot now review the same. *See Wells v. Brown*, 891 F.2d 591594 (6th Cir. 1989)(liberal construction does not require a court to conjure up allegations on a litigants behalf)(citations omitted). Morever, Petitioner may not now amend his Petition via his objections to present these arguments to the Court for review.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk of this Court shall remove Document 11 from the Court's pending motions list and remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                             */s/ George C. Smith*
                                             **GEORGE C. SMITH, JUDGE**
                                             **UNITED STATES DISTRICT COURT**